(93 South. 205)

### WILKERSON v. STATE.  (4 Div. 763.)

(Court of Appeals of Alabama. May 9, 1922.)

1. Witnesses ⊂⊃262—Allowing accused's witness to be recalled for predicate for impeachment held discretionary.

Allowing accused's witness to be recalled by the state, for the purpose of laying a predicate for her impeachment, held discretionary.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 400.        [2] Ante, p. 173.

2. Witnesses ⬢➡383—Impeachable by contrary statements out of court only on material points.

To impeach a witness by contradictory statements out of court, the contradiction must be on a material point, and hence accused's wife, as witness for him, could not be impeached as to her contradictory statements out of court in the course of a conversation sought to be proven between her and a witness for the state, at which conversation accused was not present.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Jep Wilkerson was convicted of violating the prohibition laws, and appeals. Reversed and remanded.

W. S. Huey, of Enterprise, and J. A. Carnley, of Elba, for appellant.

The court erred in permitting the state to recall the wife of the defendant for the purpose of impeaching her. The matter inquired about was irrelevant, and therefore not ground for impeachment. 88 Ala. 107, 7 South. 47; 201 Ala. 403, 78 South. 401; 184 Ala. 5, 63 South. 975; 92 Ala. 71, 9 South. 456. Counsel discuss other matters not necessary to be here set out.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The recall of the witness was discretionary with the court. 12 Michie's Ala. Dig. 1258. The predicate was properly laid. 12 Michie, Ala. Dig. 1304.

BRICKEN, P. J. The state introduced but one witness to sustain the charge contained in the indictment against this defendant, that of violating the prohibition law (felony). The indictment contained two counts, and there was a general verdict of guilt. While it is true that the testimony of the state witness as to the identity of the defendant is more or less vague and uncertain, as contended by counsel for appellant, yet under this testimony the sufficiency thereof was a question for the jury to determine, and the court properly so held.

[1] There was no error in allowing defendant's witness Hattie Wilkerson to be recalled by the state for the purpose of laying a predicate for the impeachment of this witness, as this matter rested within the discretion of the court. 12 Mich. Dig. p. 1258, § 246.

[2] In the instant case, however, it is clear that the defendant could not be held bound by the conversation sought to be proven between state witness Stewart and the wife of defendant. The defendant was not present at the time of the alleged conversation; therefore the alleged statement by the witness Wilkerson to Stewart, and this conversation as a whole, was not binding upon him; it was res inter alios acta, and therefore irrelevant, immaterial, and inadmissible, and the objection interposed by defendant in this connection should have been sustained. It is elementary that, in order to impeach a witness, by showing contrary statements made out of court, the contradiction must be on a material point, and that contradictory statements which a jury can consider must refer to a material fact. That the error in allowing the state to prove this unauthorized conversation was injurious to the substantial rights of the defendant cannot be questioned.

This defendant entered upon his trial clothed with the presumption of innocence which attended him throughout the trial, or until his guilt was established to a moral certainty and beyond a reasonable doubt; and, though charged with a serious offense, he was entitled to a fair and impartial trial free from error of a prejudicial nature, and to hold that he would be bound by the ex parte statement, even of his wife, would not be in accord with what we deem a fair and impartial trial under contemplation of the law of this state and country.

For the error designated the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.